## Madbury, *Ex parte.*

A woman who acquired the settlement of her husband, by necessary inference lost her own. Nor was she restored to it by the law of July 3, 1841, which, by vacating all settlements acquired under laws passed prior to 1796, deprived her of the settlement of her husband.

Pauper Claim. Question transferred to this court. Isaac Small was lawfully married to Mary Cummings, of Bridgewater, in the county of Grafton, some time in 1825. At the time of the marriage he had a settlement in the town of Madbury, in the county of Strafford, held under his father, which was gained prior to the year 1796.

Since the late law was passed, rendering all settlements void gained prior to the year 1796, it appears that Small has no settlement in this State. The question is, if Small's wife, who had a settlement in the town of Bridgewater, gained since 1796, lost that settlement by her marriage with Small.

Madbury, ex parte.

GILCHRIST, J. When Mary Cummings was married to Isaac Small, in 1825, he had a settlement in Madbury. This at once became hers, by force of the law as then and ever since existing, which gave to the wife the settlement of her husband having one in the State. Madbury then became liable to maintain her. But that liability arose from an act passed prior to the year 1796 since her husband derived his settlement from no other.

By the act of July 3, 1841, settlements acquired by virtue of acts passed prior to 1796 are annulled, so far as to exempt the towns from liabilities resulting from those settlements. Therefore the settlement of the wife of Small, in Madbury, which was so acquired, is annulled.

The law of January 1, 1796, provides that unless the wife gains a settlement by her marriage, the one which she had previously shall not be lost or suspended. The inference from this would be, that if, by such marriage, she did gain a settlement, the previous one would be lost. If it were otherwise, she might have two settlements at the same time, which is not a case contemplated or provided for by law, and which, if it existed, would lead to obvious embarrassments.

The woman then lost, by her marriage with Small, her settlement that she previously had in Bridgewater, because he had one in Madbury. The law which deprived her of her settlement in Madbury did not provide for the restoration of her old settlement, either in terms or by reasonable intendment. Nor does any other law give her such settlement. The conclusion therefore is that she is a county pauper.